An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-401
NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

　　v.

JERRY LAMONT DUNSTON

Durham County
No. 04 CRS 50087

Appeal by defendant from order entered 9 January 2014 by Judge Michael J. O'Foghludha in Durham County Superior Court. Heard in the Court of Appeals 21 July 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Winifred H. Dillon for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

On 25 October 2011, Jerry Lamont Dunston ("defendant") was convicted of second degree rape, second degree sex offense, communicating threats, felony possession of cocaine, and possession with intent to manufacture, sell, or deliver marijuana. The trial court sentenced defendant to a term of sixty to eighty-one months imprisonment.

On 28 August 2013, the State notified defendant that it had determined that he had been convicted of an aggravated offense as defined by N.C. Gen. Stat. § 14-208.40(a)(1), which required defendant to enroll in the sex offender satellite-based monitoring ("SBM") program. On 9 January 2014, the trial court entered an order requiring that defendant be enrolled in the SBM program for the remainder of his natural life. Defendant appeals.

Defendant's sole argument on appeal is that the retroactive application of SBM violates guarantees against *ex post facto* laws contained in the federal and state constitutions. We are not persuaded.

The Supreme Court has held that "subjecting defendants to the SBM program does not violate the Ex Post Facto Clauses of the state or federal constitution." *State v. Bowditch*, 364 N.C. 335, 352, 700 S.E.2d 1, 13 (2010). We are bound by *Bowditch*. *See Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985) (holding that this Court has a "responsibility to follow" decisions issued by our Supreme Court). Accordingly, the trial court's order is affirmed.

Affirmed.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).